UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CIVIL ACTION NO.   2:25-cv-171-DLB-CJS

LINDA MOORE
1513 Whispering Pines Drive
Hebron, KY 41048                                                                                  PLAINTIFFS

VS.

BOONE COUNTY SCHOOL BOARD OF EDUCATION
Serve: Jesse Parks, Board Chair
8330 US Highway 42
Florence, KY 41042

and

BOONE COUNTY SCHOOLS
Serve: Dr. Jeffrey Hauswald, Superintendent
8330 US Highway 42
Florence, KY 41042

and

DR. JEFFREY HAUSWALD, Superintendent
In his Official and Individual Capacity
8330 US Highway 42
Florence, KY 41042

and

ERIC BALL, Human Resources Director
In his Official and Individual Capacity
8330 US Highway 42
Florence, KY 41042

and

ERIC MCARTOR, Chief Operating Officer
In his Official and Individual Capacity
8330 US Highway 42
Florence, KY 41042                                                                                  DEFENDANTS

# COMPLAINT WITH JURY DEMAND

Plaintiff Linda Moore, by and through counsel, and for this Complaint with Jury Demand against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

2) This action is brought to redress grievances protected by the United States Constitution, This Court has subject matter jurisdiction over this action pursuant to 42 USCS § 1983 and 28 USCS § 1331, as the claims arise under the U.S. Constitution and federal law. This Court has supplemental jurisdiction of the State law claims under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

3) All Defendants are found within the Eastern District of Kentucky and therefore venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events giving rise to these claims occurred in this Judicial District and Defendants are subject to personal jurisdiction here, all events having occurred in Boone County, Kentucky.

## PARTIES

4) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

5) Plaintiff Linda Moore is a classified employee of the Defendant Boone County Schools and has been so employed since 2008.

6) Defendant Boone County Board of Education is responsible, pursuant to KRS 160.290, for the promotion of educational services consistent with state laws and administrative regulations. Defendant Boone County Board of Education is a public entity and is the body with the oversight authority of Defendant Boone County Schools.

7) Defendant Boone County Schools is a local educational agency.

8) Defendant Dr. Jeffrey Hauswald is the Superintendent of Boone County Schools and is responsible to ensure that federal and state laws regarding persons employed by the Boone County Schools are complied with. He is sued in his official and individual capacity for violation of the Plaintiff's due process rights, violation of the Plaintiff's First Amendment rights, retaliation against Plaintiff, and creating a hostile work environment for the Plaintiff.

9) Defendant Eric Ball is the Director of Human Resources for Boone County Schools and is responsible to ensure that federal and state laws regarding persons employed by the Boone County Schools are complied with. He is sued in his official and individual capacity for violation of the Plaintiff's due process rights, violation of the Plaintiff's First Amendment rights, retaliation against Plaintiff, and creating a hostile work environment for the Plaintiff.

10) Defendant Eric McArtor is the Chief Operating Officer for Boone County Schools and is responsible to ensure that federal and state laws regarding persons employed by the Boone County Schools are complied with. He is sued in his official and individual capacity for violation of the Plaintiff's due process rights, violation of the Plaintiff's First Amendment rights, retaliation against Plaintiff, and creating a hostile work environment for the Plaintiff.

**FACTUAL ALLEGATIONS**

11) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully state herein.

12) At all times relevant hereto, Plaintiff was employed as Staff Support Assistant, a classified position in the Boone County Schools. Plaintiff has been a classified employee of Boone County Schools since 2008.

13) Plaintiff is over the age of forty (40).

14) Defendant Hauswald has been heard making derogatory statements about older employees being in the school district too long.

15) During the 2023-2024 school year, an ad-hoc committee of employees of the Boone County Schools ("salary committee") was created to conduct a study and make recommendations for providing a supplement to the salaries of classified employees of Boone County Schools who have a college degree. It was recognized by the Boone County School Board that many employees holding classified support positions are not afforded an increased pay level when achieving a higher education credential.

16) At the June 13, 2024 Boone County Board of Education meeting, the Board of Education approved a $2 per hour salary supplement for certain classified positions within the school district.

17) The ad-hoc committed recommended the salary supplement be given to classified employees holding a higher education degree in any field, regardless of their current position.

18) Defendant Eric Ball, as Human Resources Director, determined that only classified employees who possess an associate's degree, or above would be eligible for the salary supplement, but only if the degree is directly related to the classified position held, and this became the Boone County Schools' new policy and practice.

19) As a result of this new policy and practice, Plaintiff was ineligible for the salary supplement.

20) Many Boone County Schools central office employees, including Defendants Ball and McArtor have higher education degrees that are unrelated to their certified positions with the school district.

21) Because of this inequity, Plaintiff filed an informal grievance and then formal grievance, in accordance with the Boone County Schools grievance procedure, against Defendant Ball as Human Resources Director. The grievance procedure required first presenting the grievance to the Human Resources Director. However, because the grievance was against the Human Resources Director, Plaintiff felt that it would not be viewed impartially, so it was presented to Defendant McArtor instead.

22) Defendant McArtor upheld Defendant Ball's decision.

23) Plaintiff thereafter filed a formal grievance, in accordance with Boone County Schools grievance procedure, with Defendant Hauswald.

24) Upon receipt of the grievance, Defendant Hauswald summoned Plaintiff to his office with less than one hour advance notice.

25) When Plaintiff entered Defendant Hauswald's office, Defendants Ball and McArtor also entered the office and closed the door.

26) Feeling ambushed and intimidated, Plaintiff attempted to audio record the meeting, but Defendant Hauswald refused to allow her to do so, citing to illegality of recording the meeting.

27) Plaintiff then asked to be allowed to have someone present with her in the meeting to witness since she was unable to record the meeting, and Defendant Hauswald refused this as well.

28) Defendant Hauswald read aloud his response to Plaintiff's grievance, which also upheld the decision of Defendant Ball.

29) Defendant Hauswald, after reading his response to the grievance, instructed Plaintiff to cease and desist any further communication about the grievance to any other employee or face disciplinary action.

30) Defendant Hauswald further instructed Plaintiff that she was forbidden to take her grievance to the Boone County Board of Education, despite this being the next step in the grievance process.

31) Since the meeting in Defendant Hauswald's office, Plaintiff's work environment has become extremely hostile, including, but not limited to Defendant Ball, despite having no reason to be in Plaintiff's work area and never before being in Plaintiff's work area, purposely placing himself in the same on multiple occasions.

32) While reviewing the employee handbook to understand the grievance process, Plaintiff discovered according to the handbook, that her employment contracts for the past fourteen (14) years should have been 246-day contracts. Plaintiff's contracts have been for only 180 days (previously 179 days), thus reducing her annual pay and associated retirement contributions, sick days and vacation days.

33) Plaintiff received the contract for the 2025-2026 school year on July 29, 2025 via her school district email, which she does not typically access during the summer months in which she is not contracted to work. The due date for the signed contract was August 8,

2025, again, during the summer months that she is not contracted to work. Plaintiff believes Defendants purposely attempted to rid themselves of Plaintiff by her not signing the new contract in time.

34) Plaintiff's new contract was also changed from a hourly, school-year contract to a 12 month employment contract (which she should have had all along) which, according to the Boone County Schools handbook, is for 246 days. Because Plaintiff wasn't given any notice of this change, Plaintiff will not be able to fulfill this contract because she did not start the new contract and the 246 days on July 1, 2025 in accordance with the contract. Again, Plaintiff believes this to be in retaliation against her for her grievance and sets her up for disciplinary action.

## COUNT I – VIOLATION OF DUE PROCESS UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

35) Plaintiff adopts incorporates, and reiterates all paragraphs as if fully restated herein.

36) Defendants, acting under the color of state law, arbitrarily deprived Plaintiff of the salary supplement approved by the Boone County Board of Education without due process of the law.

37) Defendants, acting under the color of state law, arbitrarily deprived Plaintiff of her rightful employment contract of 246 days without due process of the law.

38) Plaintiff has suffered economic harm and will continue to suffer economic harm by Defendants' deprivations.

## COUNT II – VIOLATION OF DUE PROCESS UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

39) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

40) Defendants deprived Plaintiff of her right to bring her grievance to the Boone County Board of Education as afforded by the Boone County Schools grievance policy.

41) Plaintiff has suffered harm and will continue to suffer harm by Defendants' deprivations.

### COUNT III – VIOLATION OF 1ST AMENDMENT TO THE U.S. CONSTITUTION

42) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

43) Plaintiff was engaging in protected speech through the filing of her grievance in accordance with the Boone County School District's policies and procedures.

44) Defendants denied Plaintiff her right to free speech and free association when they threatened Plaintiff with adverse employment action if she spoke to anyone about her grievance.

45) Defendants denied Plaintiff her right to free speech when they denied her opportunity to take her grievance to the Board of Education pursuant to the grievance procedure.

46) Defendants had no legitimate justification for denying Plaintiff her right to free speech.

### COUNT IV – RETALIATION

47) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

48) Plaintiff engaged in filing a grievance according to district policy.

49) Defendants have engaged in retaliatory actions against Plaintiff in response to her filing of the grievance by threatening her with adverse employment action if she discussed her grievance with anyone else.

50) Plaintiff has suffered harm by the Defendants' actions.

### COUNT V – AGE DISCRIMINATION 42 U.S.C. § 2000e et seq..

51) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

52) Defendants have engaged in a practice of discriminating against older employees in terms of pay and promotions.

53) Defendant Hauswald has made derogatory statements about older employees indicating that they have been working for the school district too long.

54) Defendants have denied comparable increases in pay for older employees who have been working for the school district for a long period of time, versus new employees.

55) Plaintiff has suffered economic loss from Defendants' discriminatory actions.

## COUNT VI – HOSTILE WORK ENVIRONMENT

56) Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

57) Defendant Hauswald has created a hostile work environment for Plaintiff in direct response to her filing of the grievance and attempting to exercise her rights as an employee.

58) Such hostile work environment has altered the conditions of Plaintiff's employment and has created an abusive working environment.

59) Such abusive working environment has caused daily harm to Plaintiff.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

60) Plaintiffs adopt, incorporate, and reiterate all paragraphs as if fully restated herein.

61) Defendants intentionally intimidated and threatened Plaintiff of adverse employment action if she did not comply with their demands to keep silent.

62) Defendants' conduct offends the generally accepted standards of decency.

63) Defendants' conduct has caused Plaintiff significant emotional distress on a daily basis.

## DAMAGES

64) Plaintiffs adopt, incorporate, and reiterate all paragraphs as if fully restated herein.

65) As a consequence of Defendant's conduct, Plaintiff has suffered severe emotional distress as described above and will be shown by evidence.

66) As a consequence of Defendant's conduct, Plaintiff has suffered financial harm as described above and will be shown by evidence.

67) Furthermore, Defendants' violations of Plaintiff's rights were knowing, intentional, cruel and malicious, entitling the Plaintiff's to recover punitive damages from Defendants in order to deter such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

1. Judgement for Plaintiffs on all counts, with damage awards for all relief requested;

2. An award of compensatory damages including but not limited to financial and emotional distress, and other damages that may become apparent;

3. An award of attorney fees and costs pursuant to statute;

4. Pre and post judgment interest;

5. Punitive damages;

6. A trial by jury; and

7. All other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Marianne S. Chevalier*
Marianne S. Chevalier
Chevalier and Kruer, P.S.C.
2216 Dixie Hwy
Fort Mitchell, KY 41017
Tel: (859) – 581 – 3030

Email:mchevalier@lawcg.com

## VERIFICATION

I, Linda Moore, do hereby verify that the allegations made in the foregoing Complaint are true to the best of my knowledge and belief.

_____
Linda Moore

COMMONWEALTH OF KENTUCKY

COUNTY OF KENTON

The foregoing was sworn to before me by Linda Moore on this the __7__ day of __August__, 2025.

_____  __38959__
Notary                    ID#

My commission expires: __10/21/25__