**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 25-171-DLB-CJS**

**LINDA MOORE**                                                                **PLAINTIFF**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**BOONE COUNTY SCHOOL BOARD OF EDUCATION, et al.**        **DEFENDANTS**

* * * * * * * * * * * * * * * *

**I.    INTRODUCTION**

This matter is before the Court upon the Motion to Dismiss of Defendants Boone County School Board of Education, the Boone County School District, Dr. Jeffrey Hauswald, Eric Ball and Eric McArtor.  (Doc. # 3).  Plaintiff Linda Moore having filed her Response to the Motion (Doc. # 6) and Defendants having filed their Reply (Doc. # 7), the Motion is now ripe for the Court's review.  For the following reasons, Defendants' Motion to Dismiss is **granted**.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Linda Moore has been an employee of Defendants Boone County School Board of Education and Boone County Schools (collectively "Boone County") since 2008.  (Doc. # 1 ¶ 5).  Through its employment practices and decisions, Moore alleges Boone County and three of its employees violated her rights under the Constitution, federal law and Kentucky common law.  The following facts are drawn from Moore's Complaint and viewed in the light most favorable to her.

1

During the 2023–24 academic year, Boone County Schools created an ad hoc committee of its employees, tasked with recommending salary supplements for Boone County Schools employees with a college degree.  (*Id*. ¶ 15).  Following the committee's study, Boone County approved a salary supplement for employees possessing a higher education degree in an area related to their position held with Boone County.  (*Id*. ¶ 18).  Qualifying employees received an additional two dollars per hour on their salaries.  (*Id*. ¶ 16).

Linda Moore is forty years old and has been a Staff Support Assistant in Boone County for nearly two decades.  (*Id*. ¶¶ 12–13).  In the 2023–24 school year, Moore did not possess a qualifying higher education degree and, consequently, did not receive the salary supplement.  (*Id*. ¶¶ 19, 22).

Shortly after the new policy went into effect, Moore filed a grievance against Boone County Human Resources ("HR") Director Eric Ball, a Defendant in this case.  (*Id*. ¶ 21).  Ball had initially determined that Moore was ineligible for the salary increase.  (*Id*. ¶ 22).  Fearing HR would view her complaints partially, Moore filed her grievance with the County's Chief Operating Officer Eric McArtor, also a Defendant in this case.  (*Id*. ¶ 21).  McArtor upheld Ball's previous decision, prompting Moore to file a formal grievance to Boone County Superintendent, Dr. Jeffrey Hauswald, the third individual Defendant named in this matter.  (*Id*. ¶ 23).

Upon receiving the grievance, Hauswald called an impromptu meeting with Moore.  (*Id*. ¶ 24).  When Moore arrived in Hauswald's office for the meeting, Ball and McArtor were waiting.  (*Id*. ¶ 25).  Moore claims Hauswald rebuffed her requests to record the meeting and to have someone present with her in the meeting.  (*Id*. ¶¶ 26–27).  Hauswald

then told Moore her grievance was being denied.  (*Id*. ¶ 28).  Hauswald instructed Moore not to discuss her grievance with other Boone County employees or she would face discipline.  (*Id*. ¶ 29).  Hauswald further instructed Moore that she could not take her grievance to the Boone County Board of Education.  (*Id*. ¶ 30).

Moore avers that her work environment became "extremely hostile" after her meeting with Hauswald, Ball and McArtor.  (*Id*. ¶ 31).  Specifically, Moore claims that Defendant Ball "purposely plac[ed] himself" in Moore's work area "despite having no reason to be in [the area] and never before being in [the area.]"  (*Id*.).

Moore also claims she received her 2025–26 contract on July 29, 2025 while she was on her summer vacation and away from her work e-mail.  (*Id*. ¶ 33).  She claims the signed contract was due on August 8, 2025, during the summer months when she is not contracted to work.  (*Id*.).  She believes Boone County did this to "purposely attempt[] to rid themselves of [Moore] by her not signing the new contract in time."  (*Id*.).  She additionally claims that her new contract was changed from an hourly, school-year contract to a twelve-month employment contract, which Moore attests she should have had all along.  (*Id*. ¶ 34).  Nevertheless, she believes that Boone County's switching of her contract is "in retaliation against her for her grievance and sets her up for disciplinary action" because she will not be able to adequately fulfill the contract.  (*Id*.).

Moore brought this suit on October 27, 2025 against the Boone County School Board of Education, Boone County Schools, and Jeffrey Hauswald, Eric Ball and Eric McArtor in their official and individual capacities.  (Doc. # 1).  Her Complaint alleges violations of her rights to due process under the Fourteenth Amendment, violations of her right to free speech under the First Amendment, retaliation, age discrimination, hostile

3

work environment and intentional infliction of emotional distress ("IIED") (Doc. # 1). Defendants filed their Motion to Dismiss on December 26, 2025, seeking to dismiss the Complaint in its entirety (Doc. # 3).  Moore filed her Response in Opposition on January 23, 2026 (Doc. # 6) and Defendants filed their Reply on February 6, 2026 (Doc. # 7). Accordingly, the Motion is now ripe for the Court's review.

## III.   ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is deemed facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In addressing a motion to dismiss under Rule 12(b)(6), a district court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and only then determine whether those facts and inferences plausibly give rise to an entitlement to relief.   *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). However, the Court will "disregard bare legal conclusions and 'naked assertion[s],' affording the presumption of truth only to genuine factual allegations."  *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S.

4

at 678).  Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a claim that can survive at the motion to dismiss stage.  *Fritz v. Michigan*, 747 F. App'x 402, 405 (6th Cir. 2018) (quoting *Iqbal*, 556 at 678).  "If it is at all plausible (beyond a wing and a prayer) that a plaintiff would succeed if he proved everything in his complaint, the case proceeds."  *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018).

### B.      Dismissal of Duplicative Claims

Defendants first move to dismiss Moore's claims against Boone County Schools and the official capacity claims against Defendants Hauswald, Ball and McArtor.  They argue these claims are duplicative of the ones leveled against Defendant Boone County School Board of Education.  (Doc. # 3 at 7–8).  First, Defendants assert that the claims against Boone County Schools should have been alleged against its Board of Education, since "[t]he district itself has no independent legal existence apart from the board that governs it; rather the board is the legal embodiment of the school district."  (*Id*. at 7). Defendants then argue that the official capacity claims should be dismissed because a suit against an individual in his official capacity is the legal equivalent of suing the entity he represents.  (*Id*. at 8).  Moore responds that dismissal is not appropriate because she alleged conduct that is sufficient to support Defendants' liability at this stage.  (Doc. # 6 at 10).

The Court agrees with Defendants' positions.  First, under Kentucky law, the Boone County Board of Education is the proper manifestation of the Boone County School District.  KY. REV. STAT. § 160.160(1).  Indeed, each Kentucky school district is "under the management and control of a board of education," which may "sue and be

sued" and "do all things necessary to accomplish the purposes for which [the board] is created." *Id*. Thus, it follows that the Boone County Board exists to manage the dealings—in this case, the legal dealings—of the Boone County School District as a whole. As Defendants note, the District itself has no legal existence and the Board exists, in part, to be sued. (Doc. # 3 at 7). Accordingly, the Court **dismisses** as duplicative any claims against Boone County Schools.

The Court further agrees that the official capacity claims against Hauswald, Ball and McArtor are duplicative. The Supreme Court has held that an official capacity suit "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, in a lawsuit like this one that names both an entity and employees officially representing the entity, courts will dismiss the official capacity claims as duplicative. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.,* 103 F.3d 495, 509 (6th Cir. 1996); *Banks v. Breathitt Cnty. Bd. of Educ.*, 925 F. Supp. 2d 856, 863 (E.D. Ky. 2013) (dismissing official capacity claims against board of education employees as "redundant"); *C.A. ex rel. G.A. v. Morgan Cnty. Bd. of Educ.*, 577 F. Supp. 2d 886, 890. (E.D. Ky. 2008) (same). As such, Moore's official capacity claims against Defendants Hauswald, Ball and McArtor are **dismissed** as duplicative.

### C.   Fourteenth Amendment Due Process Claims

Defendants first seek to dismiss Counts I and II of Moore's Complaint, both of which allege violations of Moore's rights to due process under the Fourteenth Amendment.

As a threshold issue, Defendants maintain that Moore failed to allege a protected interest under the Fourteenth Amendment.  (Doc. # 3 at 10).  Further, Defendants maintain that, if she were able to show a protected interest, Moore failed to establish she was denied adequate procedural due process following Boone County's deprivation of her rights.  (*Id*. at 12).  Finally, Defendants claim that Moore failed to allege that Boone County violated any of her "narrow class of interests" such that her substantive due process rights were violated.  (*Id*. at 13–14).  Moore maintains that a salary supplement and contract enhancement are constitutionally protected property interests which Boone County denied her without affording her due process.  (Doc. # 6 at 4–5).  Further, she avers that she plausibly alleges that Boone County deprived her of her right to due process by not allowing her to continue with the grievance policy by taking her grievance to the Boone County Board of Education.  (*Id*. at 5–6).

The vehicle by which plaintiffs can allege constitutional violations against state actors is 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 authorizes an individual to bring suit "against anyone who, under color state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelly*, 675 F.3d 580, 583 (6th Cir. 2012).  To state a claim under § 1983, a plaintiff must allege that (1) some person deprived her of a federal right; and (2) that the person depriving her of that right acted under color of state or territorial law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Municipalities may be held liable for 1983 claims if the municipality itself caused the constitutional deprivation.  *Lausin ex rel. Lausin v. Bishko*, 727 F. Supp. 2d 610, 626 (N.D. Ohio 2010) (citing *Monell*, 436 U.S. at 690).

7

The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. There are two recognized kinds of due process—substantive and procedural. *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F. 3d 590, 604 (6th Cir. 2016). While Moore does not expressly use the terms, based on the Court's reading of the Complaint, Count I alleges a violation of her substantive due process rights and Count II alleges a violation of her procedural due process rights. (*See* Doc. # 1 ¶¶ 35–41). Both types of rights are examined under the same two-part analysis. *Puckett*, 833 F. 3d at 604–5. First, courts must determine whether the interest at stake is a designated protected liberty or property interest under the Fourteenth Amendment. *Id*. at 605 (quoting *Wojcik v. City of Romulus*, 257 F. 3d 600, 609 (6th Cir. 2001). Then, if the court determines there is such a right, the court looks at "'whether the deprivation of that interest contravened the notions of due process' under the Fourteenth Amendment." *Id*.

### 1.   *Substantive Due Process*

The doctrine of substantive due process accords that "governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of procedures employed." *Pearson v. City of Grand Blanc*, 961 F. 2d 1211, 1216 (6th Cir. 1992). Specifically, substantive due process protects from government interference "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Guertin v. State*, 912 F. 3d 907, 918 (6th Cir. 2019) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21)). It follows, then, that to bring a substantive due process claim, a party must "present a

sufficiently important life, liberty, or property interest." *Trout v. Knox Cnty. Bd. of Educ.*, 163 F. Supp. 3d 492, 501 (E.D. Tenn. 2016) (referencing *Charles v. Baesler*, 910 F. 2d 1349, 1352–53 (6th Cir. 1990).

In Count I, Moore alleges Defendants took two actions that deprived her of rights under the Fourteenth Amendment.   First, Moore claims that Defendants "arbitrarily deprived [Moore] of the salary supplement approved by the Boone County Board of Education without due process of the law."  (Doc. # 1 ¶ 36).  Next, Moore claims that Defendants "arbitrarily deprived [Moore] of her rightful employment contract of 246 days without due process of law."  (*Id*. ¶ 37).

In their Motion, Defendants contend that neither of the entitlements that Moore claims—the salary supplement nor the enhanced employment contract—constitute a property interest protected by the Fourteenth Amendment.  (Doc. # 3 at 11–12).  The Court agrees.  Neither action by Boone County is sufficient to warrant a violation of Moore's substantive due process rights because neither interest Moore claims is a constitutionally protected property interest.

To start, Moore's salary supplement is not the kind of fundamental property interest envisioned by the Due Process Clause.  The Sixth Circuit has held that "[m]ost, if not all, state-created contract rights . . . are not protected by substantive due process." *Baesler*, 910 F. 2d at 1353.  Further, the Sixth Circuit has held that "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Med. Corp., Inc. v. City of Lima*, 296 F. 3d 404, 409 (6th Cir. 2002); *see also Ramsey v. Bd. of Educ. of Whitley Cnty., Ky.*, 844 F. 2d 1268, 1274–75 (6th Cir. 1988) ("We do hold, however, that an interference with a property

9

interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983.").

Simply put, Boone County's salary supplement is the kind of discretionary benefit that is not protected by the Due Process Clause. Moore's Petition alleges that Boone County Board of Education approved the ad-hoc committee's salary supplement recommendation for those employees who had a higher education degree. (Doc. # 1 ¶¶ 16–17). In other words, the Board exercised its discretion to give certain qualifying employees a benefit of employment in the form of a pay raise. Further, and perhaps more importantly, Moore has not indicated she met the criteria for the salary supplement. Her Complaint alleges that the new criteria made her ineligible for the pay increase, but she never claims she was entitled to it in the first place. She does not challenge the process by which the supplement was approved, nor does she challenge the existence of the supplement itself. There is no evidence from her Complaint that she possessed *any* property interest in the salary supplement, much less a protected one.

Further, Moore's allegation that Boone County deprived her of her rightful employment contract must be dismissed at this stage. To be sure, Moore does not allege that Boone County is interfering with her right to employment. She does not claim Boone County wrongfully terminated her employment, failed to pay her salary or demoted her without recourse. Rather, she claims that, based on its employee handbook and established policies, Boone County deprived her of an enhanced, twelve-month employment contract she rightfully deserved without giving her fair process. (Doc. # 6 at 4–5).

10

The Court finds that this is not enough to prove a deprivation of an articulated property interest.  Read plainly, Moore seeks a more favorable contract from Boone County,[1] something the Sixth Circuit says does not concern or offend the Due Process Clause.  *See Baesler*, 910 F. 2d at 1353 ("State-created rights . . . do not rise to the level of 'fundamental' interests protected by substantive due process.").  Accordingly, Defendants' Motion to Dismiss is **granted** as to Count I of Moore's Complaint.

### 2.    *Procedural Due Process*

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).  To prove a procedural due process claim, a plaintiff must show (1) a deprivation by state action of a protected interest in life, liberty, or property, and (2) inadequate state process.  *Novak v. Federspiel*, 140 F. 4th 815, 821 (2025) (citing *Reed v. Goertz*, 598 U.S. 230, 236 (2023)).  Once again, a plaintiff's first step in asserting a procedural due process claim is showing they possessed a protectable liberty or property interest.  *Warren v. City of Athens, Ohio*, 411 F. 3d 697, 708 (6th Cir. 2005).

From a plain reading of Moore's Complaint, it appears she is alleging that Defendants deprived her of access to Boone County's full grievance process.  (Doc. # 1 ¶ 40).  Defendants contend that Moore does not have a protected interest in the full grievance process because Boone County's grievance process does not allow personnel matters to proceed beyond the Superintendent level to a hearing before the Board of

---

[1]     The Court would be remiss not to acknowledge that Boone County did, in fact, offer Moore the 246-day contract she claims she is entitled.  (Doc. # 1 ¶ 34).

Education. (Doc. # 7 at 3). To determine whether Moore was entitled to the full grievance process, the Court must conduct a brief examination of Boone County's employee grievance procedures, which Defendants attached to their Motion to Dismiss. *See Rondigo, L.L.C. v. Township of Richmond*, 641 F. 3d 673, 680–81 (6th Cir. 2011) ("However, a court may consider 'exhibits attached [to the complaint], public records, ties appearing in the record of the case and *exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein*,'. . . .") (emphasis added).

Boone County's Employee Grievance Policy has four levels. (Doc. # 3-5 at 6). At Level I, an employee may bring a complaint to Human Resources, which will then conduct an investigation into the complaint. (*Id.*). At Level II of the grievance process, an employee may appeal HR's decision to the Chief Operating Officer and/or Deputy Superintendent. (*Id.*). An employee may appeal their Level II decision to the Superintendent, which is Level III of the process. (*Id.*). The final stage in the appellate process, Level IV, is an appeal to the full Board of Education. (*Id.*). Pursuant to Boone County Board Policy 03.26, the Board will not hear any grievance concerning personnel actions taken with respect to an individual employee, unless the grievance is based on an alleged violation of the constitutional, statutory, regulatory, or policy provisions. (Doc. # 3-8).

Reading the Complaint in the light most favorable to Moore, it is clear that her grievance was not eligible for an appeal to the Board. To be clear, she does not allege that her grievance is based on any of the requisite bases for bringing a grievance before the Board. Her Complaint states that she brought her grievance against Defendant Ball

for denying her the salary supplement.  (Doc. # 1 ¶ 21).  She alleges that many Boone County employees have higher education degrees that do not relate to their employment positions with Boone County, which she claims cause an "inequity."[2]  Stated another way, Moore alleges she brought her grievance because she disagrees with how the salary supplement is given, and particularly how it was given to other seemingly unqualified employees but not her.  This is exactly the kind of personnel action regarding an individual employee that, pursuant to Boone County policy, the Board will not hear.  (See Doc. # 3-8).  Moore received all the process she was due by taking her complaints to the Superintendent, but she could not take it any further.  She received the full extent of Boone County's grievance process available to her based on her specific grievance. Accordingly, the Court finds that Boone County did not deprive Moore of her right to the grievance process and Defendants' Motion to Dismiss is **granted** as to Count II of the Complaint.

### D.  First Amendment Claims

Defendants next seek to dismiss Counts III and IV of Moore's Complaint, where she alleges that Defendants violated her right to free speech under the First Amendment and Boone County retaliated against her for her protected speech in violation of the First Amendment.  Moore claims that she engaged in protected speech through the filing of her grievance.  (Doc. # 1 ¶ 43).  She claims Defendants denied her right to free speech when they (1) threatened her with adverse employment action if she spoke about her grievance and (2) denied her the opportunity to take her grievance to the Board of

---

[2]      Notably, Moore does not allege that these other unqualified Boone County employees, including Defendants Ball and McArtor, received the salary supplement, so it is unclear to the Court what inequity she is actually referencing.

13

Education. (*Id*. ¶¶ 44–45).  Further, she claims Defendants engaged in retaliatory actions against her by threatening her with adverse employment action if she discussed her grievance with other Boone County employees. (*Id*. ¶ 49).

Defendants' dismissal theory is multi-faceted.  First, they maintain that Moore's First Amendment claims are only applicable to Defendant Hauswald and her claims against the other four Defendants should accordingly fail.  (Doc. # 3 at 13).  Next, Defendants state that Moore's claims about her grievance are not protected by the First Amendment because public employees like Moore only enjoy First Amendment protection for their comments on issues of public concern.  (*Id*. at 14–15).  Finally, Defendants maintain that Moore's retaliation claim is "woefully deficient" because she cannot point to any adverse impact on her employment stemming from Defendants' conduct.  (*Id*. at 16).

Supreme Court precedent states that the First Amendment protects a public employee's right to speak as a citizen addressing matters of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).  The Sixth Circuit has recognized two ways in which a public employer can violate an employee's rights under the First Amendment—prior restraints and retaliation. *Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F. 4th 868, 877–78 (6th Cir. 2024).  Moore alleges that Boone County committed both kinds of violations. However, under either theory, a public employee plaintiff must first show that they were speaking or intending to speak about a matter of public concern, as opposed to an issue of personal concern. *Id*. at 878 (citing *Connick v. Myers*, 461 138, 149 (1983)).  And the Supreme Court has held that "[s]peech involves a matter of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general

14

interest and of value and concern to the public." *Lane v. Franks*, 573 U.S. 228, 241 (2014).

Moore cannot make the required showing that her speech would relate to a matter of public concern. Her Complaint alleges she was threatened and allegedly retaliated against for discussing "her grievance" with anyone else. (*See* Doc. # 1 ¶¶ 44, 49). With respect to Moore and her employment, her individual grievance against Boone County's HR director about her not receiving a salary supplement is not the sort of subject that holds "general interest and [ ] value and concern to the public." *Lane*, 573 U.S. at 241. Indeed, it is the same kind of personal matter that the Sixth Circuit has held is not a public concern. *See Valot v. Se. Loc. Sch. Dist. Bd. of Educ.*, 107 F. 3d 1220, 1226 (6th Cir. 1997) ("Speech does not generally touch on a matter of public concern, as that requirement has been interpreted, where its aim is to air or remedy grievances of a purely personal nature."); *see also Van Compernolle v. City of Zeeland*, 241 F. App'x 244, 249–250 (6th Cir. 2007) (finding that participation in and reference to officers' grievance procedures did not constitute a matter of public concern). As such, the Court finds that Moore's speech about her grievance is not of public concern, and is thus not protected by the First Amendment under either recovery theory and fails as a matter of law. *See id*. at 249. Accordingly, Defendants' Motion to Dismiss is **granted** as to Counts III and IV.[3]

---

[3]     Because the Court has dismissed Moore's constitutional claims, it need not address Defendants' qualified immunity defenses.

### E.   Age Discrimination Claims[4]

Defendants next challenge Count V of Moore's Complaint, where Moore alleges Boone County has engaged in "a practice of discriminating against older employees in terms of pay and promotions."  (Doc. # 1 ¶ 52).  Moore alleges that Defendants have denied pay increases for older employees as opposed to newer employees.  (*Id*. ¶ 54).  She further claims that Defendant Hauswald has made "derogatory statements" about older employees who work for Boone County.  (*Id*. ¶ 53).  She claims she suffered economic loss from Defendants' discriminatory actions.  (*Id*. ¶ 55).

Defendants rightly point out that Moore was required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing a federal suit under the ADEA.  (Doc. # 3 at 20).  Indeed, "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."  29 U.S.C. § 626(d); *see also Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F. 3d 460, 463 (6th Cir. 1998) (recognizing an EEOC charge as a "jurisdictional prerequisite to filing a civil action").  Moore's Complaint does not allege she filed a charge with the EEOC.  Neither does her Response.  In light of Moore's failure to follow the statutory guidelines, her age discrimination claim cannot continue.  Accordingly, Defendants' Motion to Dismiss is **granted** as to Count V of Moore's Complaint.

---

[4]   Moore initially brought her age discrimination claims pursuant to 42 U.S.C. § 2000e *et seq.*, better known as Title VII of the Civil Rights Act of 1964. (*See* Doc. # 1 Count V).  Defendants note in their Motion to Dismiss that Title VII does not allow for employment discrimination cases based on age, and that Moore's claims are properly pled under the Age Discrimination in Employment Act of 1967 ("ADEA"). (Doc. # 3 at 17).  In her Response, Moore recognizes she miscited her age discrimination claim and urges the Court to consider her claims under the ADEA. (Doc. # 6 at 8).  Given that Defendants addressed Moore's correctly pled claims in their Reply (Doc. # 7 at 8–9), the Court will allow the claims to be heard.

**F.      Hostile Work Environment Claims**

Next, Defendants move to dismiss Moore's hostile work environment claim.  In Count VI, Moore alleges that Defendant Hauswald "created a hostile work environment for [Moore] in direct response to her filing of the grievance and attempting to exercise her rights as an employee[,]" which she claims has created an abusive working environment. (Doc. # 1 ¶ 57).  Specifically, Moore alleges that by placing himself in her work area continually without reason, Defendant Ball has contributed to her workplace becoming increasingly hostile.  (*Id.* ¶ 31).

Defendants take several issues with this claim.  First, Defendants contend that Moore identifies no statutory basis for relief.  (Doc. # 3 at 22).  Next, Defendants maintain that Moore's hostile work environment claims are a reiteration of her First Amendment claims and should fail for the same reasons.  (*Id.*).

To begin, Defendants are correct that Moore did not plead a statutory basis for her hostile work environment claims.  However, Moore cites *Williams v. CSX Transp. Co.*, a Sixth Circuit case where the plaintiff brought a hostile work environment case pursuant to Title VII of the Civil Rights Act of 1964.  (Doc. # 6 at 9 (citing 643 F. 3d 502 (6th Cir. 2011)).  Given her reference to this case, the Court will presume Moore intended to bring her claim pursuant to Title VII.

"Before a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a 'charge' with the EEOC."  *Williams*, 643 F. 3d at 507–08 (citing 42 U.S.C. § 2000e–5(e), (f)); *see also Younis v. Pinnacle Airlines, Inc.*, 620 F. 3d 359, 361 (6th Cir. 2010).  Moore's Complaint does not allege that she ever filed a charge of a hostile workplace to the EEOC.  Again,

neither does her Response.  Accordingly, her Title VII hostile work environment claims cannot continue and Defendants' Motion to Dismiss is **granted** as to Count VI of Moore's Complaint.

### G.    IIED ("Outrage") Claims

Finally, Defendants move to dismiss Count VII of Moore's Complaint, where she seeks relief for intentional infliction of emotional distress, known in Kentucky as "outrage." Moore contends that Defendants' actions—intentionally intimidating and threatening her with adverse employment action—offended the general standards of decency and caused her significant stress on a daily basis.  (Doc. # 1 ¶¶ 61–63).  Defendants' attack on Moore's allegations is twofold.  First, they maintain that Moore's claim of outrage would be subsumed by other claims as a matter of law because her other claims provide for recovery of emotional damages.  (Doc. # 3 at 22–23).  Next, they claim that her outrage claim would fail as a matter of law.  (*Id*. at 23).

Kentucky courts consider outrage to be a "gap filler" tort.  *Watts v. Lyon Cnty. Ambulance Serv.*, 23 F. Supp. 3d 792, 813 (W.D. Ky. 2014).  This means that a plaintiff's IIED claim may not continue where the plaintiff makes another claim where emotional distress damages would traditionally be available.  *Id*.  Thus, if emotional damages are available for Moore's other claims, her outrage claim would be subsumed by those other claims, and her claim of outrage will not lie.  *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. 1993).  However, the tort of outrage is available where the defendant acted with the sole purpose of causing severe emotional distress.  *Green v. Floyd Cnty.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011).

18

Here, based on Boone County's alleged mistreatment of her after filing her grievance, Moore brings claims for retaliation, discrimination and hostile work environment. (*See* Doc. # 1). Emotional damages are recoverable for each of these tort actions. Thus, Moore's claim can only continue if she can show that Defendants intentionally sought to bring her severe emotional distress.

Moore's Complaint cannot do that. She does not allege anywhere that any of the named Defendants sought to intentionally cause her distress. She alleges that Defendants held a closed-door meeting with her, threatened to discipline her and intimidated her, but she does not allege that any of these actions were taken solely to cause her severe emotional distress. (*See* Doc. # 1 ¶¶ 26–34). Without more, Moore's outrage claim cannot continue. Accordingly, Defendants' Motion to Dismiss is **granted** as to Count VII.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   Defendants' Motion to Dismiss (Doc. # 3) is **GRANTED**;

(2)   This matter is **STRICKEN** from the Court's active docket; and

(3)   A **Judgment** in favor of **Defendants** will be entered contemporaneously herewith.

This 20th day of May, 2026.



Signed By:

**David L. Bunning**

**Chief United States District Judge**

G:Judge-DLB\DATA\ORDERS\Cov2025\25-171 MOO re MTD.docx